The Honorable Ron Fields Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to Deputy Prosecuting Attorney Ben A. Beland's request for an opinion on the following questions involving A.C.A. § 17-11-323 (Repl. 1992), which addresses access to public records by licensed abstracters:
 1. Define "equipment." In other words, are certificate holders simply allowed to physically examine the custodian's records and make memoranda or notations therefrom or copies thereof while physically present in the recorder's office? If so, and the custodian is giving the certificate holders access to the public records and allowing copies to be made on the custodian's copy machine, is the custodian required to make additional space available for certificate holders' equipment? Or, in this age of computers, are the proposed computer modem and backup tape equipment which would allow an abstracting business to have access to the assessor's records directly from its abstracting office, or be provided the proposed backup tapes from the Circuit Clerk's Office permissible under A.C.A. § 17-11-323?
 2. Are custodians allowed to charge abstracters for copies made on the custodian's copying machines? If so, is there a minimum or maximum which may be charged?
 3. If abstracters are permitted to install their own computer equipment, are the record custodians allowed to charge for computer access? If so, what charge would be considered reasonable?
Attached to the request are two proposed county ordinances authorizing remote electronic access to county tax records and magnetic copying of records held or stored magnetically.
In response to your first question, it is my opinion that while there is no prohibition against accessing the court records electronically or magnetically, such access is not covered or mandated by A.C.A. § 17-11-323. This Code section states as follows:
 Holders of certificates of authority and their employees in the conduct of the business of abstracting shall have access to the public records in any office of any city or county or of the state. They shall be permitted to make memoranda or notations therefrom or copies thereof and to occupy reasonable space with equipment for that purpose, subject to the reasonable regulation of the custodian of the public records and during the business hours of such office, in order to enable certificate holders to make and prepare abstracts and to compile, post, copy, and maintain their books, records, and indices. No persons other than the custodian of the records shall remove real estate records from the recorder's office.
The term "equipment" is not defined in § 17-11-323. It is my opinion, however, that the term does not encompass equipment necessary for access to computerized records. The requirement that "reasonable space" be provided for making memoranda, notations, or copies "during . . . business hours" indicates that the legislature intended to insure that certificate holders would have physical access to the records for purposes of making notes or copies. The conclusion that this language simply does not envision or encompass access to computerized records through a computer modem or backup tape equipment is further indicated by the legislative history of § 17-11-323. This Code section is part of the Abstracters' Licensing Law of 1969, codified at A.C.A. §17-11-101—343 (Repl. 1991). It may reasonably be concluded that access to computerized court records was not a concern in 1969. Nor, apparently, was the legislature inclined in 1991 to address computer access. A 1991 amendment to § 17-11-323 specifies that no persons other than the custodian shall remove real estate records from the recorder's office. This obviously has reference to removal of original records for copying purposes.
Thus, in response to the first part of your first question, it is my opinion that the answer is "yes" with regard to access to records under A.C.A. § 17-11-323.[1]
The second part of your first question requires a factual determination. Although the certificate holders must be permitted to "occupy reasonable space with equipment," this is subject to "reasonable regulation" of the custodian. This requires a case-by-case determination. Access to the custodian's copy machine may or may not be sufficient, depending upon the particular circumstances.
The third part of this question is addressed above. The use of a computer modem and backup tape equipment is simply not addressed in § 17-11-323. Thus, this Code section neither authorizes nor prohibits such access.
The answer to your second question is, in my opinion, "yes," pursuant to the custodian's authority to regulate the abstracters' access. There is no minimum or maximum charge. The requirement is that regulation by the custodian be "reasonable." This will involve a fact question.
As noted above, it is my opinion that computer access is not mandated by § 17-11-323. If, however, the county (as to county tax records) and/or the circuit clerk (as to circuit court records) authorize such access, it is my opinion that a reasonable charge may be imposed. This is consistent with opinions issued by this office approving a reasonable charge for copies under the Freedom of Information Act. Again, however, the reasonableness of the charge must be determined on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This is not to say, however, that the Quorum Court could not enact an ordinance such as Crawford County proposed Ordinance No. 93-13 which authorizes electronic access to county tax records. Such an ordinance is, in my opinion, properly within the county's local legislative authority. The ordinance is not, however, in my opinion, mandated by § 17-11-323. With regard to proposed Ordinance No. 93-14, it is my opinion that access to circuit court records is not a local matter subject to regulation by quorum court ordinance. See generally Venhaus v. State,285 Ark. 23, 684 S.W.2d 252 (1985). Access to computerized circuit court records is a matter to be addressed by the circuit clerk as the records' custodian, in accordance with the Arkansas Freedom of Information Act.